

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| W.A.K., II a minor, who sues by Page S. Karo, his next friend, natural guardian, and mother, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 3:09CV575 |
| v. | ) |
| WACHOVIA BANK, N.A. Individually and as Co-Trustee of the Rosalie S. Karo Trust u/a October 18, 1966, | )<br>)<br>) |
| and | ) Removed from Circuit Court of City of Richmond, Virginia |
| | ) Case No. CL09-3754-4 |
| FAYE K. HARRIS, individually, as Vice President and Trust Advisor, Wachovia Bank, N.A. | )<br>)<br>) |
| Defendants. | ) |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

Defendant Wachovia Bank, N.A. ("Wachovia"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action to United States District Court for the Eastern District of Virginia, Richmond Division. The grounds for the removal are as follows:

1. On August 13, 2009, a Complaint was filed in the Circuit Court for the City of Richmond, Virginia entitled *W.A.K, II, a minor, who sues by Page S. Karo, his next friend, natural guardian and mother v. Wachovia Bank, N.A., Individually and as Co-Trustee of the Roosalie S. Karo Trust u/a October 18, 1966, et al.*, Case No.: CL09-3754-4. Pursuant to 28

U.S.C. § 1446, copies of all process, pleadings, and orders served upon Wachovia are attached as Exhibit A.

2. Wachovia timely filed its responsive pleading to the Complaint with the Circuit Court of the City of Richmond, a copy of which is attached as Exhibit B.

3. Upon the filing of this responsive pleading, Wachovia has taken no other action in the Circuit Court of the City of Richmond.

4. As alleged in the Plaintiff's Complaint, the Plaintiff is a resident of Virginia. (Compl. ¶ 1).

5. Defendant Wachovia is a chartered national banking association with its designated main office in North Carolina. A national bank is a citizen of the State in which its main office is located. *See Wachovia, N.A., v. Schmidt*, 546 U.S. 303, 317 (2006) (holding that for purposes of federal-court diversity jurisdiction under 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located). "Wachovia is a citizen only of North Carolina, the State in which its main office is located, not of every State in which it maintains a branch office." *Id.* at 309.

6. The Plaintiff alleges that Defendant Faye K. Harris ("Ms. Harris") resides in Virginia. (Compl. ¶ 1).

7. Although Ms. Harris may be a citizen of Virginia, she is not a proper party to this action because: (1) she is a sham defendant whom the Plaintiff fraudulently joined in the action in an attempt to defeat diversity jurisdiction and thwart Wachovia's right to remove this action to federal court; and (2) the Plaintiff does not seek any relief from Ms. Harris nor is there any plausible basis for any liability to be assessed against Ms. Harris. Her citizenship must be ignored for purposes of determining the propriety of removal. *See Mayes v. Rapoport*, 198 F.3d

457, 461 (4th Cir. 1999) (noting that the doctrine of fraudulent joinder allows a district court to disregard the citizenship of certain non-diverse defendants and assume jurisdiction over the case).

8. Accordingly, the Complaint constitutes a fraudulent joinder of an in-state defendant – Ms. Harris – in order to defeat diversity jurisdiction. Alternatively, even if Ms. Harris has not been fraudulently joined to this action, she is a nominal defendant and her citizenship is not determinative for meeting the complete diversity requirements of 28 U.S.C. § 1332. "[A] defendant is nominal if there is no reasonable basis for predicting that [she] will be held liable." *Creed v. Virginia*, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009) (quoting *Shaw v. Dow Brands*, 994 F.2d 364, 369 (7th Cir. 1993).

9. The Plaintiff claims to have sustained damages in the amount of $3,500,000 (Compl. ¶¶ 33, 45). Accordingly, the amount in controversy raised by the Plaintiff's Complaint exceeds $75,000, exclusive of interest and costs.

10. This Court, therefore, has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the Plaintiff, a resident of Virginia, and the only proper defendant, Wachovia, which is a citizen of North Carolina.

11. The Plaintiff has not pleaded a cognizable cause of action against Ms. Harris, the only in-state defendant, and there is no possibility that he will establish a cause of action against Ms. Harris.

12. The Complaint seeks compensatory and punitive damages as well as injunctive relief against Wachovia based on its role as Trustee of the Karo Intervivos Residual Trust ("Karo Trust"). No claims for damage or relief are alleged against Ms. Harris. The Plaintiff alleges claims against Wachovia, but not as to Ms. Harris, for (1) breach of fiduciary duty of prudence;

and (2) breach of fiduciary duty of loyalty; and (3) petitions for removal of Wachovia as Trustee pursuant to Virginia Code § 55-548.13; and (4) seeks to enjoin Wachovia from using any asset of the Trust to defend this suit.

13. The Plaintiff's only allegations in the Complaint about Ms. Harris are that she is an employee of Wachovia and "a supervising person responsible for the Trust's administration," that she "has supervised many of the Bank's actions in this matter," and that she communicated with a beneficiary of the trust on one occasion. (Compl. ¶ ¶ 4, 49). The Plaintiff does not allege that Ms. Harris owed him any fiduciary duties, or that she breached any duties, or that she caused him any damages. The Plaintiff does not state any factual allegations against Ms. Harris upon which she can be held individually liable. *See Coots v. Allstate Life Ins. Co.*, 313 F.Supp. 2d 539, 542, 543-44 (D. Md. 2004) (finding fraudulent joinder based on absence of factual allegations against non-diverse defendant in the complaint). The Complaint demonstrates that the Plaintiff has no real intention of obtaining a joint judgment against Ms. Harris.

14. Moreover, Ms. Harris did not direct or control any of the alleged actions of the trustee which form the basis for the claims asserted in this action. *See* Aff. of Faye Harris attached as Exhibit C; *see Carter v. Hitachi Koki U.S.A., Ltd.*, 445 F. Supp. 2d 597, 601 (E.D. Va. 2006) (finding fraudulent joinder where affidavit established that in-state defendant did not participate in conduct giving rise to cause of action).

15. Upon information and belief, Ms. Harris did not have a fiduciary relationship with W.A.K. during the relevant time period of this litigation. *See* Exhibit C. Any actions taken were exclusively in her limited role as an employee of Wachovia. Ms. Harris is merely an employee of Wachovia and cannot be held liable for any of claims asserted in the Complaint against Wachovia.

16.     The Plaintiff cannot establish a cause of action sufficient to defeat the jurisdiction of this Court by merely naming Ms. Harris as a defendant. *See Jeffries v. Jeffries*, 123 Va. 147, 153, 96 S.E. 197, 199 (1918) ("A person cannot be made a party by simply naming him as a defendant and serving him with process. The bill must contain averments showing some cause of relief against him, else he is no party to the litigation.").

17.     Accordingly, there is no reasonable basis for predicting liability against Ms. Harris based on the claims alleged. *See Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) ("[T]he test for fraudulent joinder therefore," is whether "there is a reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.").

18.     The above-described facts establish that Ms. Harris is a sham defendant whom the Plaintiff fraudulently joined in this action solely in an attempt to thwart Wachovia's right to remove the action to federal court. The residency of a sham defendant is ignored for purposes of determining diversity of the parties.

19.     Wachovia was served with process on August 17, 2009. *See* Exhibit D. Ms. Harris was served with process on August 19, 2009. *See* Exhibit E. This removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief.

20.     Only the defendants who have been properly joined in the action must consent to the removal. *Brierly v. Alusuisse Flexible Packaging*, 184 F.3d 527, 533-534 n.3 (6th Cir. 1999); *see also Creed*, 596 F. Supp. 2d at 934 ("[T]he defendant seeking removal does not need the consent of a co-defendant present in the case as 'merely a nominal or formal party.'"). However, to the extent any consent is required, Ms. Harris, by undersigned counsel, consents to and joins

in the removal of this action. Copies of all process, pleadings, and orders served upon Ms. Harris are attached as Exhibit F. Ms. Harris timely filed her responsive pleading to the Complaint with the Circuit Court of the City of Richmond, a copy of which is attached as Exhibit G. She has taken no other action in the Circuit Court for the City of Richmond.

21. Under 28 U.S.C. § 1441(a), venue for removal is proper in this Court because this district and division embrace the Circuit Court for the City of Richmond, the forum in which the removed action is pending.

22. Concurrently with the filing of this Notice, the defendants will file a true copy of this Notice of Removal with the Clerk of the Circuit Court for the City of Richmond. The Notice of Filing of Removal is attached as Exhibit H. Additionally, pursuant to 28 U.S.C. § 1446(d), the defendants will promptly provide the Plaintiff with notice of its removal of this action.

WHEREFORE, Wachovia Bank, N.A., respectfully requests that this Court assume jurisdiction over this action, and Faye K. Harris consents to and joins in the removal of this action to this Court.

Respectfully submitted,

WACHOVIA BANK, N.A. &
FAYE K. HARRIS

By _William P. Childress_
Counsel

D. Alan Rudlin (Bar # 17010)
William P. Childress (Bar # 72823)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia  23219
Phone:  804-788-8200
Fax:  804-788-8218
Email: arudlin@hunton.com
Email:  wchildress@hunton.com

Counsel for Wachovia Bank, National Association, Trustee &
Faye K. Harris, an employee of Wachovia Bank, National Association.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2009, a true copy of the forgoing Notice of Removal of Action was hand-delivered to the offices of:

>Bowlman T. Bowles, Jr., Esquire
>Churchill G. Bowles, Esquire
>Bowles & Whitehead PC
>404 W Franklin St
>Richmond, VA 23241-0085
>Telephone: (804) 780-0236
>Facsimile: (804) 780-9134
>
>Joseph E. Blackburn, Jr., Esquire
>Blackburn, Conte, Schilling & Click, PC
>300 West Main Street
>Richmond, VA 23220
>Telephone: (804) 782-1111
>Facsimile: (804) 648-3914
>
>Counsel for Plaintiff

*/s/ William P. Childress*