IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| W.A.K., II, A MINOR, BY ) <br> PAGE S.KARO, HIS NEXT FRIEND, ) <br> NATURAL GUARDIAN AND ) <br> MOTHER ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WACHOVIA BANK, N.A. et al. ) <br> ) <br> Defendants. ) | Civil Action No. 3:09CV575-HEH |

## MEMORANDUM OPINION
(Defendant's Motion to Dismiss)

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on October 8, 2009. Both sides have submitted memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process.

### I.

This case concerns a trust for the Karo family. On October 18, 1966, Rosalie S. Karo established the Karo Intervivos Residual Trust ("Trust") for the benefit of her husband Andrew T. Karo ("Toney Karo") and their descendants. The couple's son William A. Karo ("Drew Karo") and minor grandson W.A.K. II ("W.A.K.") are the

couple's only living issue. The trust originally established Central National Bank and Toney Karo as co-trustees. Central National Bank later merged with Central Fidelity Bank and subsequently with Wachovia, who currently serves as a Trustee.[1] Mrs. Karo established the Trust with a number of assets, but the bulk was in stock for Central National Bank.

Through the bank's mergers, the Trust became the holder of a number of shares of Wachovia stock, and this stock remained a considerable portion of the Trust's assets. On October 17, 2007, the Trust owned 60,000 shares of Wachovia common stock that constituted approximately 65 percent of the Trust's assets. On several occasions, Wachovia recommended to William and Drew Karo that the Trust diversify its assets, but the Karos did not consent. In the time since, Wachovia's stock price suffered a substantial decline, as did that of most banking institutions. As Wachovia's share price declined, so did the value of the Trust.

W.A.K., a remainderman of the Trust, brought this suit in the Circuit Court for the City of Richmond alleging that Wachovia failed to uphold its duties as a Trustee. Count I alleges that Wachovia breached its fiduciary duty of prudence by failing to diversify the Trust portfolio, leaving a large portion of the trust assets in Wachovia stock. Count II alleges a breach of fiduciary duty of loyalty by failing to act as the sole trustee, allowing Drew Karo to act as a co-trustee, making improper distributions, improperly soliciting disclosure letters, and failing to monitor or warn about the declining value of the

---

[1] Wachovia has since merged with Wells Fargo & Company. The surviving common stock now trades on the New York Stock Exchange (NYSE) under the ticker symbol WFC.

Wachovia stock. Count III asks the Court to remove Wachovia as a Trustee. Count IV asks for a temporary restraining order and injunction prohibiting Wachovia from using Trust assets for defending itself in this matter. The Defendant removed the case to this Court on September 14, 2009.

## II.

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations

3

supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.

### A. Count I- Duty of Prudence

In Count I, Plaintiff W.A.K. alleges a breach of fiduciary duty of prudence by Defendant Wachovia for failure to diversify the trust assets. First, Plaintiff alleges that Defendant had a duty to diversify the trust assets and failed to do so. Second, W.A.K. alleges that Defendant Wachovia breached its duty to exercise reasonable care by not preventing the co-trustee, Toney, from committing a breach of trust. Third, W.A.K. alleges that Wachovia breached a fiduciary duty to warn, advise, and protect the trustees because Wachovia was in a position of conflict with regard to the Trust's investment in Wachovia stock, particularly when Wachovia officials allegedly knew the stock was overvalued. Lastly, W.A.K. alleges that Wachovia breached its fiduciary duty of loyalty by authorizing improper Trust distributions to Drew, permitting Drew to act as a co-trustee, failing to inquire as to Toney's ability to serve as a co-trustee, soliciting self-serving retention letters (LORs), and negligently administering the ownership of Wachovia stock.

The Prudent Investor Rule, as codified in Va. Code Ann. § 26-45.4, which Plaintiff contend govern Wachovia's administration of the trust, lays out the standard of care that a trustee must exercise in managing a trust. This statute requires that the trustee "invest and

manage trust assets as a prudent investor would ... considering [all] circumstances of the trust ... [and] exercising reasonable care, skill, and caution."

In response to these allegations, Defendant argues that Plaintiff's Complaint is insufficient because: first, the plain language of the trust waives the Prudent Investor Rule; second, that the beneficiaries ratified all challenged investment decisions of the Trust; and third, Wachovia disputes knowledge of inside information about Wachovia stock by the relevant Wachovia employees. The first two of these, waiver and ratification, amount to affirmative defenses. *See Emergency One, Inc. v. American Fire Eagle Engine Co., Inc.*, 332 F.3d 264, 277 (4th Cir. 2003). ("An affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.") (internal quotations omitted). The ability of this Court to decide a motion to dismiss under 12(b)(6) as it relates to affirmative defenses is limited. "[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6) ... generally cannot reach the merits of an affirmative defense ... [unless] all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Although Defendant may argue that the Complaint and the attached exhibits provide sufficient support for the affirmative defenses, there are significant material legal and factual issues that remain in dispute.

Regarding the first affirmative defense of waiver, the Court must determine the

intent of the grantor, whether the language in the trust was sufficiently specific to effectuate waiver (pursuant to Va. Code § 26-45.3), and whether the Central National Bank stock and the Wachovia stock are sufficiently similar for the initial waiver to continue in effect post-merger. *See Hirsh v. Hirsh*, 166 S.E.2d 286 (Va. 1969).

Regarding the second affirmative defense of ratification, the Court must determine whether W.A.K. was bound by his father's consent, which would further require a determination of whether their interests were aligned. These issue determinations present mixed questions of law and fact that the Court cannot address at this stage of the proceedings.

Finally, with respect to Wachovia's position that the relevant employees did not have legal or actual knowledge of information regarding the Wachovia stock price, this is simply a dispute as to the facts that similarly cannot be resolved at this point in the proceedings.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court's task typically does not entail the resolution of contested facts or applicability of legal defenses. The perspective is narrow – does the face of the complaint state a plausible entitlement to relief? Because the facts as stated in the Complaint properly allege a violation of the fiduciary duty of prudence, Defendant's motion to dismiss Count I is denied.

### B. Count II- Duty of Loyalty

Count II of the Complaint alleges a breach of fiduciary duty of loyalty. As a

fiduciary, a trustee owes a duty of loyalty to the beneficiaries of the trust. Va. Code Ann. § 55-548.02. The Restatement, Third, of Trusts lays out the duty of loyalty in detail:

> (1) Except as otherwise provided in the terms of the trust, a trustee has a duty to administer the trust solely in the interest of the beneficiaries, or solely in furtherance of its charitable purpose.
> (2) Except in discrete circumstances, the trustee is strictly prohibited from engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between the trustee's fiduciary duties and personal interests.
> (3) Whether acting in a fiduciary or personal capacity, a trustee has a duty in dealing with a beneficiary to deal fairly and to communicate to the beneficiary all material facts the trustee knows or should know in connection with the matter.

Restatement (Third) of Trusts § 78 (2007).

W.A.K. argues that Wachovia's alleged breach of duty entailed several acts in violation of its statutory obligations. The first relates to allegedly self-serving distributions to Drew Karo from the Trust funds to pay down Drew's outstanding debt to Wachovia. Next, W.A.K. argues that Wachovia improperly delegated the duties of co-trustee to Drew and failed to adequately communicate with Toney. Thirdly, W.A.K. maintains that Wachovia was in a conflicted position, inhibiting its ability to give advice to the co-trustee regarding its own stock, and violated its duty to advise or warn W.A.K. about the risks of retaining the Wachovia stock. Fourth, W.A.K. alleges that Wachovia violated its duty by failing to act as the sole trustee following Toney's apparent inability to continue as a co-trustee. Fifth, W.A.K. argues that Wachovia violated its duty of loyalty by failing to seek judicial guidance regarding the retention of the Trust's infirm

stock portfolio.

First, Defendant attempts to conflate these allegations from Count II with those in Count I. Counts I and II allege violations of different duties owed by the trustee, and should be considered separately. Whether an action violates the duty of prudence is a separate and distinct question from whether that same action violates the duty of loyalty.

Second, Defendant again raises the affirmative defense that the trust terms waive its liability for the actions in Count II. As mentioned above, consideration of the affirmative defenses would require this Court to resolve mixed questions of fact and law that is ordinarily inappropriate at this stage of the proceedings.

Third, the facts alleged in W.A.K.'s Complaint state facts sufficient to state a claim of a violation of the duty of loyalty. Accordingly, the Court will deny Defendant's motion to dismiss as to Count II.

## C. Count III- Removal of Defendant as Trustee

Count III of W.A.K.'s Complaint requests the removal of Wachovia as Trustee pursuant to Va. Code § 55-547.06 and the naming of W.A.K.'s mother Page Karo as trustee. W.A.K. invokes Va. Code § 55-547.06(B)(4) which permits a court to remove a trustee if: "removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available." Va. Code Ann. § 55-547.06. Defendant argues Plaintiff is not

entitled to such relief and that the request should be denied because the Complaint does not establish that removal of Wachovia as trustee "best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust." *Id.* The Virginia statute requires a *petition* to initiate a request to remove a trustee and provides little guidance as to what facts must be pled for a court to consider the petition. Defendant essentially asks this Court to apply the federal pleading standards to the Plaintiff's request for removal of a trustee. The statute provides little guidance as to what must be pled, and the interpretive caselaw is scant and unilluminating. Although the allegations in Count III appear to be facially adequate, the Court will decline to apply strict Rule 12(b)(6) pleading standards to Plaintiff's "petition." Plaintiff will have an opportunity at a later stage to present evidence in support of its request to the Court. The Court will therefore deny Defendant's motion to dismiss Count III.

## D. Count IV- Temporary Restraining Order

In Count IV, W.A.K. requests a temporary restraining order and interlocutory injunction preventing Defendant from using trust assets to litigate this case. "The grant of preliminary injunctions in diversity cases, as well as those of original jurisdiction, is subject to federal standards." *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). To obtain a preliminary injunction, the moving party must show: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips

in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008).

As Defendant points out, "where a trustee has a good faith basis for defending a suit challenging his actions as trustee, attorney's fees and costs incurred in the defense of the suit should be charged against the trust." *Ward v. NationsBank of Va.*, 507 S.E.2d 616, 624 (Va. 1998). At this stage of the proceedings, however, the Court is unable to determine whether the Defendant has a good faith basis for defending this lawsuit. Until certain factual disputes are resolved, the Court has no basis to determine the likelihood of success on the merits, and Defendant's motion to dismiss Count IV is granted.

### E. Punitive Damages

W.A.K. seeks punitive damages in the amount of $350,000 in Counts I and II. Defendant argues that W.A.K. has failed to sufficiently plead its request for punitive damages and asks the Court dismiss the punitive damages claim. "Punitive damages may be awarded if a defendant acted with actual malice or such willful or wanton recklessness as to evince a conscious disregard for the rights of others." *Flippo v. CSC Associates III, L.L.C.*, 547 S.E.2d 216, 223 (Va. 2001). The Court agrees with Defendant's assertion that the facts in W.A.K.'s Complaint fail to allege any malice or willful or wanton reckeless on the part of Wachovia. The Court will therefore grant Defendant's motion to dismiss Plaintiff's request for punitive damages.

### IV.

For these reasons, Defendant's Motion to Dismiss as to Counts I, II, and III is denied. Defendant's Motion is granted as to Count IV and Plaintiff's demand for punitive damages. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 4th day of November, 2009.
Richmond, VA