IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

W.A.K., II, A MINOR, BY )
PAGE S. KARO, HIS NEXT FRIEND, )
NATURAL GUARDIAN AND )
MOTHER, )
 )
                              )     Civil Action No. 3:09CV575-HEH
           Plaintiff, )
 )
v. )
 )
WACHOVIA BANK, N.A. *et al.*, )
 )
           Defendants. )

## MEMORANDUM OPINION
(Cross Motions for Summary Judgment on Third-Party Claims;
Motion for Determination of Recoverability of Attorneys' Fees)

This case involves the alleged mismanagement of an inter vivos trust. In the underlying claim, Plaintiff W.A.K. II ("W.A.K."), a minor and remainderman under the trust agreement, sought to recover damages from Defendant/Third-Party Plaintiff Wachovia Bank N.A. ("Wachovia"), a co-trustee, for a perceived breach of fiduciary duty. On November 17, 2009, Wachovia filed a third-party complaint against William A. Karo ("Drew Karo"), W.A.K.'s father, seeking indemnification, contribution, and equitable recovery in the event damages were awarded in the underlying claim. Wachovia and Drew Karo have each filed cross motions for summary judgment on the third-party complaint. Also before the Court is a motion for determination of recoverability of fees, costs, and expenses filed by Wachovia.

On May 12, 2010, the Court granted summary judgment on the underlying claims

in favor of Wachovia. In its Memorandum Opinion, the Court reserved judgment on the cross-motions for summary judgment on the third-party complaint, which are presently before the Court. The parties have submitted memoranda of law in support of their respective positions and provided supplemental briefing after the Court's previous summary judgment ruling. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated herein, Third-Party Plaintiff Wachovia's motion is granted, and Third-Party Defendant Drew Karo's motion is denied.

## I.

On October 18, 1966, Rosalie S. Karo established the Karo Inter Vivos Residual Trust ("Trust") for the benefit of her husband, Andrew T. Karo ("Toney Karo"), and her descendants. Drew Karo and W.A.K. are the couple's only living issue. The Trust originally designated Central National Bank ("CNB") and Toney Karo as co-trustees. Following a series of mergers, Wachovia currently serves as the corporate trustee.

Mrs. Karo established the Trust with a number of assets, but predominately CNB common stock, which over time was converted into Wachovia stock. In the underlying complaint, W.A.K. alleged that Wachovia breached its fiduciary duties of prudence and loyalty by failing to diversify the Trust portfolio, failing to assume control and act as the sole trustee, allowing Drew Karo to act as a co-trustee, making improper distributions, improperly soliciting disclosure letters, and failing to monitor or warn about the declining

value of the Wachovia stock. In granting Wachovia's motion for summary judgment, the Court found that the terms of the Trust effectively waived the Prudent Investor Rule and that Toney, as co-trustee, repeatedly declined to consent to the sale of Wachovia stock through endorsement of numerous letters of retention (LORs). The Court did not reach Wachovia's contention that Drew's endorsements of LORs directing Wachovia to retain the stock were binding on his minor son, W.A.K. The Court further found that Wachovia did not breach the fiduciary duty of loyalty under any of W.A.K.'s various theories of liability. Toney Karo passed away on May 16, 2010.

Count I of the third-party complaint seeks indemnification from Drew Karo for any judgment, costs, and expenses incurred in the underlying litigation as a result of the letters of retention signed by Drew. Count II alleges that Wachovia is entitled to contribution from Drew for any liability found in the underlying suit. Count III asks for equitable recovery of distributions made from trust funds to Drew between 2006 and 2008. Wachovia concedes that, as a result of the Court's May 12, 2010, Memorandum Opinion, that Counts II and III of the third-party complaint are both moot. Only Count I, contractual indemnification, is presently before the Court.

## II.

The court may grant summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c)(2). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

### III.

Drew signed LORs approving the Trust's retention of Wachovia stock in 2004, 2005, and 2007. Drew signed them each as a beneficiary and signed the 2007 LOR additionally on behalf of Toney, his father, pursuant to a durable power of attorney. Drew's signature on these letters was significant because a beneficiary can authorize a trustee to engage in an otherwise prohibited transaction. § 55- 548.02(B)(4).

The LORs stated, in relevant part:

> You hereby indemnify Wachovia, in both its corporate and fiduciary capacities, from and against any and all actions, suits, proceedings, losses, liabilities, claims, demands, damages, judgments, costs and expenses of every kind and nature (including but not limited to attorney fees), which Wachovia may at any time or from time to time suffer or incur as a result of the retention of the Securities.

4

Exs. 15-17 to Def. Mot. for Summ. J.

"An express indemnity agreement reflects the loss distribution agreed to by the contracting parties." *Safeway, Inc. v. DPI Midatlantic, Inc.*, 270 Va. 285, 289, 619 S.E.2d 76, 79 (2005) (internal quotations omitted). "The general rules which govern the construction and interpretation of other contracts apply in construing a contract of indemnity and in determining the rights and liabilities of the parties thereunder." *Seaboard Air Line R.R. Co. v. Richmond-Petersburg Tpk. Auth.*, 202 Va. 1029, 1033, 121 S.E.2d 499, 503 (1961) (citing 42 C.J.S. *Indemnity* § 8a).

The gravamen of Drew's argument opposing Wachovia's indemnification claim was addressed in the Court's May 12, 2010, Memorandum Opinion. Drew's primary argument was that the LORs were not enforceable for several reasons similar to those raised by W.A.K. in the underlying case. In granting summary judgment dismissing Drew's claims, the Court found that the LORs waived the duty of prudence, that the LORs were not misleading or self-serving, and that Wachovia was not required to seek the aid of a Court in administering the Trust. Drew appears to have abandoned these arguments in his supplemental briefing. These questions having been resolved, the Court sees no need to revisit them and will instead focus on Drew's remaining opposition to the indemnity claim.

The first of Drew's remaining claims is that the LORs are not enforceable because they lack consideration. "Consideration is, in effect, the price bargained for and paid for

a promise." *Brewer v. First Nat. Bank of Danville*, 202 Va. 807, 815, 120 S.E.2d 273, 279 (1961). The LORs here represented an agreement between Wachovia, Toney, and Drew. In exchange for Wachovia's agreement to retain the stock, against the bank's advice, Toney and Drew agreed to indemnify Wachovia. As such, the agreement was not lacking consideration.

Next Drew argues that the LORs are unenforceable because they facilitated Wachovia's mismanagement of the Trust. This argument appears to infer that the LORs should be found invalid as against public policy. As stated in the Court's previous Memorandum Opinion on summary judgment, Wachovia's actions in administering the Trust did not constitute mismanagement. Therefore, Drew's argument, as presented, fails. There is no basis for a finding that the LORs permitted Wachovia to mismanage the Trust.

Drew's remaining arguments are more procedural than substantive. Drew argues that if Wachovia is allowed to recover its attorneys' fees, they should be paid out of the Trust rather than by the parties. Wachovia has filed a motion for determination of recoverability of attorneys' fees from the Trust under Rule 54(d)(2) and Virginia Code section 55-550.04. This motion is discussed below.

Drew additionally argues that permitting Wachovia to recover attorneys' fees from him will allow for "double-dipping" and argues that Wachovia should file a separate suit against Drew for any unrecovered fees. The selection of remedies is a decision which

resides with Wachovia. Wachovia neither seeks nor will the Court permit a double recovery.

For these reasons, the Court finds that the LORs constituted a valid indemnification agreement. Taking the facts in the light most favorable to Drew, the Court finds that there is no genuine dispute as to any material fact and that judgment as a matter of law in favor of Wachovia is appropriate on its contractual indemnification claim. Accordingly, Wachovia's motion for summary judgment is granted as to Count I of the third-party complaint. Drew Karo's motion for summary judgment is denied. Wachovia must first seek its fees from the Trust, pursuant to the Court's decision below. To the extent they are not recoverable from the Trust, Drew is contractually liable for any remaining costs, expenses, and fees that the Court determines are recoverable at a hearing to be scheduled at a later date.

## IV.

The Court will now turn to Wachovia's motion for determination and award of fees. Wachovia seeks to recover from the Trust the fees, costs, and expenses of defending this action against W.A.K.

Virginia has long recognized an exception in trust cases to the "American Rule" that litigants bear their own costs of litigation. *Stepp v. Foster*, 259 Va. 210, 217, 524 S.E.2d 866, 870 (2000). Virginia codified this common law exception in 2006 with the adoption of the Uniform Trust Code. Va. Code § 55-550.04. This statute provides that,

in a case involving trust administration, a court may award "costs and expenses, including reasonable attorneys' fees" to any party from another party or from the trust at issue. *Id.* The Code provides no guidance other than a court may award costs "as justice and equity may require," *id.*, and no reported cases from Virginia have applied this statute. Given this lack of guidance, the Court finds the Virginia common law cases decided before the enactment of this statute instructive. In *Ward v. NationsBank, N.A.*, 256 Va. 427, 507 S.E.2d 616 (1998), the Supreme Court of Virginia stated:

> a trustee, who has the duty to defend the actions challenged as detrimental to the trust, is entitled to attorney's fees when he has been called on to defend himself against a charge of dereliction of duty and there is neither substantial evidence that the trustee wasted or mismanaged the trust nor evidence of any conduct warranting the removal of the trustee.

*Id.* at 441, 507 S.E.2d at 624. For the reasons stated in the Court's May 12, 2010, Memorandum Opinion, this case falls within the rule articulated by the Virginia Supreme Court. The suit by W.A.K. accused Wachovia of dereliction of duty through allegations of breach of the duties of loyalty and prudence. After a hearing and a thorough review of the record, the Court concluded that Wachovia's actions were grounded in good faith and based on waivers provided by the Trust language, waivers by co-trustees, and disclosures by Wachovia. The Court found that judgment as a matter of law in favor of Wachovia was appropriate.

The Court finds that an award of Wachovia's costs and expenses, including reasonable attorney's fees, from the Trust is warranted, subject to review by the Court as

to amount.¹ The Court will conduct a hearing at a later date to determine the amount of award appropriate.

An appropriate Order will accompany this Memorandum Opinion.

                                                        /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: July 15, 2010
Richmond, VA

---

¹W.A.K. argues that Wachovia's motion is time-barred. This argument is without merit. Rule 54(d)(2)(B) provides that such a motion must be filed "no later than 14 days after the entry of judgment." Judgment is an "order from which an appeal lies," Fed. R. Civ. P. 54(a), and the Court has issued no such order in this matter.