IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| W.A.K., II, A MINOR, BY ) <br> PAGE S. KARO, HIS NEXT FRIEND, ) <br> NATURAL GUARDIAN AND ) <br> MOTHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WACHOVIA BANK, N.A. *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 3:09CV575-HEH |

## MEMORANDUM OPINION
(Supplemental Motion for Summary Judgment)

This matter is before the Court on Wachovia's Motion for Supplemental Summary Judgment. Wachovia has submitted a memorandum of law in support of its position. William A. Karo has not submitted a memorandum of law opposing Wachovia's motion. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated herein, Wachovia's motion is granted in-part and denied in-part.

### I.

On July 19, 2010, the Court granted Wachovia's motion for summary judgment on Count I of the third-party complaint against William A. Karo ("Drew"). The Court found

1

that Drew Karo, by signing the letters of retention (LORs) entered into a valid indemnification contract with Wachovia. The LORs stated in relevant part:

> You hereby indemnify Wachovia, in both its corporate and fiduciary capacities, from and against any and all actions, suits, proceedings, losses, liabilities, claims, demands, damages, judgments, costs and expenses of every kind and nature (including but not limited to attorney fees), which Wachovia may at any time or from time to time suffer or incur as a result of the retention of the Securities.

The Court found: "To the extent [attorneys' fees and costs] are not recoverable from the Trust, Drew is contractually liable for any remaining costs, expenses, and fees that the Court determines are recoverable at a hearing to be scheduled at a later date."

Wachovia filed the current supplemental motion for summary judgment to request that Drew also be liable for fees and expenses not recovered from the Trust. The expenses Wachovia seeks are divided into three categories: (1) $35,962.04 in fees and expenses for prosecution of the third-party complaint; (2) $53,727.70 in fees and expenses in defense of the underlying claim by W.A.K. that Wachovia did not seek from the Karo Trust; and (3) the difference ($134,771.80) between the fees and costs requested from the Trust ($960,004.90) and the amount awarded by the Court ($825,233.10) in its August 5, 2010 Memorandum Opinion.

## II.

A court will grant summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.

2

R. Civ. P. 56(c)(2). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

### III.

### A. Costs of Prosecuting the Third-Party Complaint

Pursuant to the Virginia Supreme Court's holding in *Rappold v. Indiana Lumbermen's Mut. Ins. Co.*, 246 Va. 10, 13-14, 431 S.E.2d 302, 304-05 (1993), Wachovia is entitled to recover the costs of prosecuting an indemnification claim against Drew. *See also Lab. Corp. of Am. Holdings, Inc. v. Clinical Lab. Consultants, Inc.*, Nos. 97-1175, 97-1219, 1997 WL 545643, at *2 (4th Cir. Sept. 5, 1997). The indemnification agreement contained in the LORs was sufficiently broad to encompass the recovery of these expenses. Wachovia has represented to the Court that the total amount of attorneys' fees, costs, and expenses involved in prosecuting its third party complaint against Drew

Karo is $35,962.04. Childress Decl. ¶ 4. Therefore, Wachovia's motion to recover the costs of prosecuting its indemnification claim against Drew will be granted in the amount of $35,962.04.

## B. Costs Not Sought from Trust

In its motion for recoverability of attorneys' fees, Wachovia excluded $53,727.70 in attorneys' fees from their request and their accounting of fees. Wachovia does not indicate why these fees were not requested from the Trust in its previous motion. The Court's Memorandum Opinion issued on August 5, 2010 made clear that, to the extent possible, Wachovia shall seek recovery of attorneys' fees from the Karo Trust. Wachovia has offered no explanation why these fees were not sought from the Karo Trust, nor has Wachovia offered any legal argument supporting its position regarding recovery of these attorneys' fees from Drew. Furthermore, the Court's August 5, 2010 Memorandum Opinion determined that $825,233.10 is a reasonable figure that Wachovia may recover in attorneys' fees for this particular suit. Any claim for attorneys' fees that exceeds this amount is therefore unreasonable. Accordingly, Wachovia's motion for $53,727.70 in attorneys' fees will be denied.

## C. Costs Deemed Not Reasonable

In its August 5, 2010 Memorandum Opinion, the Court found that the fees requested by Wachovia were excessive and reduced Wachovia's fee and cost request from $960,004.90 to $825,233.10. The Court determined that a reduction of the number

Karo is $35,962.04. Childress Decl. ¶ 4. Therefore, Wachovia's motion to recover the costs of prosecuting its indemnification claim against Drew will be granted in the amount of $35,962.04.

## B. Costs Not Sought from Trust

In its motion for recoverability of attorneys' fees, Wachovia excluded $53,727.70 in attorneys' fees from their request and their accounting of fees. Wachovia does not indicate why these fees were not requested from the Trust in its previous motion. The Court's Memorandum Opinion issued on August 5, 2010 made clear that, to the extent possible, Wachovia shall seek recovery of attorneys' fees from the Karo Trust. Wachovia has offered no explanation why these fees were not sought from the Karo Trust, nor has Wachovia offered any legal argument supporting its position regarding recovery of these attorneys' fees from Drew. Furthermore, the Court's August 5, 2010 Memorandum Opinion determined that $825,233.10 is a reasonable figure that Wachovia may recover in attorneys' fees for this particular suit. Any claim for attorneys' fees that exceeds this amount is therefore unreasonable. Accordingly, Wachovia's motion for $53,727.70 in attorneys' fees will be denied.

## C. Costs Deemed Not Reasonable

In its August 5, 2010 Memorandum Opinion, the Court found that the fees requested by Wachovia were excessive and reduced Wachovia's fee and cost request from $960,004.90 to $825,233.10. The Court determined that a reduction of the number

of hours Wachovia claimed for the case would bring the fees claimed within a reasonable amount for this type of case. Wachovia now seeks to recover the difference – $134,771.80 – between its request and what the Court found to be recoverable. Wachovia has no legal basis upon which such a request could be granted. Any fees in excess of $825,233.10 are therefore unreasonable and will not be awarded. The Court is additionally unaware of any basis for recovery of fees deemed unreasonable. Wachovia's motion to recover $134,771.80 in attorneys' fees will therefore be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 25 2010
Richmond, VA

5